**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION**

SALOME BLAIR,

        Plaintiff,

vs.                                            Case No. 5:11-cv-566-Oc-37TBS

WACHOVIA MORTGAGE
CORPORATION and
REGIONS BANK,

        Defendant.
_____/

**ORDER**

This cause is before the Court on the following:

1. Defendant Regions Bank's Motion to Dismiss (Doc. No. 4), filed on October 4, 2011;

2. Defendant Wells Fargo Bank's[1] Motion to Dismiss (Doc. No. 15), filed on October 31, 2011;

3. Plaintiff's Response in Opposition to Defendant Regions Bank's Motion to Dismiss (Doc. No. 21),[2] filed on November 13, 2011;

4. Defendant Regions Bank's Reply Brief in Support of its Motion to Dismiss

---

[1] Defendant Wells Fargo Bank asserts in its Motion to Dismiss that it is a successor by merger to Wachovia Mortgage Corporation. (Doc. No. 15.)

[2] On December 28, 2011, the Court entered an Order to Show Cause, directing Plaintiff to show cause by a written response on or before January 6, 2012 why she had not responded to Defendant Wells Fargo Bank's Motion to Dismiss. (Doc. No. 25.) In Plaintiff's response to the Order to Show Cause, she informed the Court that she had intended her Response in Opposition to Defendant Regions Bank's Motion to Dismiss (Doc. No. 21) to apply to both Defendants' Motions to Dismiss. (*See* Doc. No. 27.) As such, the Court construes this document as Plaintiff's Response to Defendant Wells Fargo Bank's Motion to Dismiss (Doc. No. 15) and Defendant Regions Bank's Motion to Dismiss (Doc. No. 4).

(Doc. No. 26), filed on December 30, 2011; and

5. Defendant Wells Fargo Bank's Reply to Plaintiff's Opposition to Defendants' Motions to Dismiss (Doc. No. 33), filed on February 2, 2012.

## BACKGROUND

### A. Procedural History

This is an action for damages for violations of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"). Fla. Stat. § 501.201 *et seq.* On July 2, 2011, Plaintiff filed a two-count complaint against Defendant Regions Bank ("Regions") and Defendant Wachovia Mortgage Corporation (by merger, "Wells Fargo") in the Circuit Court of the Fifth Judicial Circuit in and for Sumter County, Florida. (Doc. No. 2.)

On October 4, 2011, Regions filed a Notice of Removal in this Court. (Doc. No. 1.) That same day, Regions submitted a Motion to Dismiss for failure to state a claim upon which relief can be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. No. 4.) On October 31, 2011, Wells Fargo filed a Motion to Dismiss on the same grounds. (Doc. No. 15.) Plaintiff filed a single response intended to address both Defendants' respective motions on November 13, 2011. (Doc. No. 21.) On February 2, 2012, Defendant Wells Fargo filed a Reply. (Doc. No. 33.)

### B. Factual Allegations

In January of 2008, Plaintiff executed a mortgage and promissory note with Regions to purchase one lot of land (Lot 21) located in Sumter County, Florida. (Doc. No. 2*, ¶* 9.) Additionally, Plaintiff executed a mortgage and promissory note in favor of Wells Fargo to purchase two lots of land (Lot 26 and Lot 27) located in Sumter County, Florida. (*Id.* ¶¶ 10-11.)

Plaintiff alleges that she was offered an adjustable rate mortgage ("ARM") when she did not have the necessary financial resources to qualify for a loan for the purchase of Lot 21, Lot 26, or Lot 27. (*Id.* ¶ 15.) Plaintiff alleges further that (1) Defendants issued overvalued loans relative to the value of the properties she purchased; (2) Defendants approved the loans without any income or financial verification; and (3) Defendants used false appraisals to verify the loan to value of subject properties. (*Id.* ¶ 25.) Plaintiff contends that Defendants "intentionally and with malice aforethought utilized a fraudulent scheme to issue substantially overvalued [ARM] loans to unqualified applicants." (*Id.* ¶ 21.) Defendants did so, according to Plaintiff, so they could develop an inventory of mortgages and loans to sell into a Real Estate Mortgage Investment Conduit ("REMIC"), which used the loans to issue securities that were then sold to investors. (*Id.*)

## APPLICABLE STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007)). In considering a motion to dismiss, a court limits its "consideration to the well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed." *LaGrasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004).

Ordinarily, "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but a "pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' "

3

*Ashcroft*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555). Where a complaint contains averments of fraud or mistake, however, Federal Rule of Civil Procedure ("Rule") 9(b) imposes a heightened pleading standard, requiring that the circumstances constituting fraud be stated with particularity. *See Brooks v. Blue Cross and Blue Shield of Fla.,* 116 F.3d 1364, 1381 (11th Cir. 1997). This particularity requirement is satisfied if the complaint alleges "facts as to time, place, and substance of the defendant's alleged fraud, specifically the details of the defendants' allegedly fraudulent acts, when they occurred, and who engaged in them." *U.S. ex rel. Matheny v. Medco Health Solutions, Inc.*, No. 10-15406, 2012 WL 555200, at *4 (11th Cir. Feb. 22, 2012) (citing *Hopper v. Solvay Pharm.*, Inc., 588 F.3d 1318, 1324 (11th Cir. 2009) (internal quotation marks omitted) (citations omitted)). Additionally, the plaintiff who pleads fraud must "reasonably notify the defendants of their purported role in the scheme." *Brooks,* 116 F.3d at 1381 (citing *Midwest Grinding [Co. v. Spitz*], 976 F.2d [1016, 1020 (7th Cir.1992)).

**DISCUSSION**

**A.  Statute of Limitations**

Defendants argue that Plaintiff's claims are time barred by several statutes of limitations applicable to violations of federal statutes listed in Plaintiff's Complaint. (*See e.g.,* Doc. No. 4-1, p. 16.) However, Plaintiff's claims seek relief for violations of FDUPTA, a Florida statute. Therefore, Florida law is controlling on the substantive issues, as well as the statute of limitations. Under Florida law, actions "other than for recovery of real property shall be commenced . . . [w]ithin four years [if] [a]n action [is] founded on a statutory liability." Fla. Stat. § 95.11(3)(f).

### B. Failure to State a Claim Upon Which Relief Can be Granted

FDUPTA protects "the consuming public and legitimate business enterprises from those who engage in unfair methods of competition or unconscionable, deceptive or unfair acts or practices in the conduct of any trade or commerce." Fla. Stat. § 501.212(2). One can violate FDUPTA in one of two ways: a "traditional" violation or a "*per se*" violation.

In order to prevail under a claim for a traditional FDUPTA violation, Plaintiff must establish the following: "1) a deceptive act or unfair practice; 2) causation; and 3) actual damages." *Feheley v. Lai Games Sales, Inc.*, No. 08-23060-civ, 2009 WL 2474061, at *5 (S.D. Fla. 2009)*; Begualg Inv. Mgmt. Inc. v. Four Seasons Hotel Ltd.,* No. 10–22153–CIV, 2011 WL 4434891, at *5 (S.D. Fla. Sept. 23, 2011) (citing *KC Leisure, Inc. v. Haber*, 972 So. 2d 1069, 1073 (Fla. 5th DCA 2008))*.* A "deceptive act or unfair practice" may be found when "there is a representation, omission, or practice that is likely to mislead the consumer acting reasonably in the circumstances, to the consumer's detriment." *Sundance Apartments I, Inc. v. General Elec. Capital Corp.,* 581 F. Supp. 2d 1215, 1220 (S.D. Fla. 2008) (quoting *PNR, Inc. v. Beacon Prop. Mgmt., Inc.,* 842 So. 2d 773, 777 (Fla. 2003)). In contrast, a "*per se* violation of FDUPTA stems from the transgression of '[a]ny law, statute, rule, regulation, or ordinance which proscribes unfair methods of competition or unfair, deceptive, or unconscionable acts or practices.' " *Feheley*, 2009 WL 2474061, at *4 (citing Fla. Stat. § 501.203(3)(c)).

It is not clear to the Court whether Plaintiff is attempting to allege a traditional violation, a *per se* violation, or both. In Count I, in which Plaintiff moves for declaratory judgment, and Count II, in which she seeks damages pursuant to FDUPTA, she alleges that Defendants violated four different federal statutes, and that these violations constitute

a violation of FDUPTA. Thus, Plaintiff may have intended to assert claims for *per se* violations of FDUPTA. However, Plaintiff fails to provide any factual basis from which this Court could find, viewing the facts in the light most favorable to Plaintiff, that Defendants' conduct constituted a violation of any of the named federal statutes. Although under Rule 12(b)(6) the well-pleaded factual allegations in a complaint are accepted as true, Plaintiff must provide more than conclusory grounds for relief. *See Watts v. Fla. Int'l Univ.*, 495 F.3d 1289,1295 (11th Cir.2007). Her assertions that Defendants engaged in predatory lending practices because they "[o]ffered an ARM . . . which violated" the Equal Credit Opportunity Act, Truth in Lending Act, Home Ownership Equity Protection Act, and Real Estate Settlement Procedures Act are nothing more than legal conclusions.

Nevertheless, the Court also recognizes that Plaintiff may be attempting to assert a traditional FDUPTA claim based on a fraudulent scheme. As discussed in more detail below, to the extent Plaintiff seeks to allege a traditional FDUPTA claim, the Court finds such claims are required to satisfy the heightened pleading standard of Rule 9(b). While federal district courts have split as to whether FDUPTA claims are subject to Rule 9(b), *compare Costa v. Kerzner Int'l Resorts, Inc.*, No. 11-60663-Civ, 2011 WL 2519244, at *2 (S.D. Fla. June 23, 2011) (finding Rule 9(b) does not apply) *with Llado-Carreno v. Guidant Corp.,* No. 09-20971, 2011 WL 705403, at *5 (S.D. Fla. Feb. 22, 2011) (finding that Rule 9(b) does apply), this Court concludes that where the gravamen of the claim sounds in fraud, as here, the heightened pleading standard of Rule 9(b) would apply. In *Llado*, the court reasoned that "the particularity requirement of Rule 9(b) applies to all claims that sound in fraud, regardless of whether those claims are grounded in state or federal law." *Llado,* 2011 WL 705403, at *5 (citations omitted); *see also Stires v. Carnival Corp.*, 243 F.

Supp. 2d 1313, 1322 (M.D. Fla. 2002) ("Most courts construing claims alleging violations of the Federal Deceptive Trade Practices Act or its state counterparts have required the heightened pleading standard requirements of Rule 9(b).") This Court agrees.

Here, Plaintiff's Complaint "sounds in fraud." In both Count I and Count II, she alleges that Defendants "utilized a fraudulent scheme" to issue the "substantially overvalued ARM loan[s]" to her. (Doc. No. 2, ¶¶ 21, 26.) The Complaint does not, however, contain the "particularity" that Rule 9(b) requires. For example, Plaintiff does not allege "precisely what statements were made in what documents or oral representations or what omissions were made, . . . the time and place of each such statement and the person responsible for making them (or, in the case of omissions, not making) [the] same . . . ." *Brooks,* 116 F.3d at 1381; *see also Schreiber v. Ocwen Serv., LLC,* No. 5:11-cv-211-32TBS, 2011 WL 6055425, at *4 (M.D. Fla. Oct. 17, 2011). As such, to the extent Plaintiff bases her claims on a traditional FDUPTA violation, such claims are due to be dismissed because they do not meet Rule 9(b)'s heightened pleading standard.

### C. Exemption from FDUPTA

Finally, Defendants argue that they are exempt from FDUPTA because they are national banks regulated by a federal agency. (Doc. No. 4,-1, p. 6; Doc. No. 15, p. 1.) The Court need not determine whether Defendants are exempt from FDUPTA at this time because Plaintiff's Complaint does not state a claim upon which relief may be granted. Should Plaintiff choose to file an amended complaint, Defendants will have the opportunity to reassert their exemption argument in an appropriate summary judgment motion with supporting evidence.

**CONCLUSION**

Because Plaintiff's Complaint does not meet Rule 9(b)'s heightened pleading standard, does not contain sufficient factual allegations to state a claim for relief, and does not properly notify Defendants of the claims against them, it is due to be dismissed in its entirety. Accordingly, it is hereby **ORDERED AND ADJUDGED:**

1. Defendant Regions Bank's Motion to Dismiss (Doc. No. 4) is **GRANTED**;

2. Defendant Wells Fargo's Motion to Dismiss (Doc. No. 15) is **GRANTED**;

3. Plaintiff may file and serve an amended complaint consistent with this Order on or before **Friday, March 23, 2012**. Should Plaintiff decide to amend her Complaint, the parties are **DIRECTED** to confer prior to the filing of the Amended Complaint to ensure that she names the proper Defendants.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida, on March 13, 2012.

ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record